SOMMERVILLE, J.
Plaintiff appeals from a judgment dismissing his demand against defendant for $5,100, for injuries alleged to have been .sustained by him through the gross fault and negligence of defendant, without any fault on his part.
It appears that the defendant was engaged in reconstructing its road, and at the corner of White street and Herndon avenue, in the city of Shreveport, some special work was being put down, which consisted of curves, some 16 to 30 feet in length, and weighing 108 pounds to the yard. Plaintiff alleges *15 that hé'was 'oné of a crew of 18 colored laborers, in the employ of the defendant company, which was carrying heavy steel curves with their bare hands, and without proper and safe appliances, such as tongs; that the steel curve they were carrying slipped in some inexplicable manner, and several of the fingers on one of his hands were caught and crushed, as the curve came into contact with another and similar curve which was lying on the ground.
Plaintiff alleges that tongs should have been used on the work; that proper orders were not given by the white foreman who was in charge of the work; that the work was not being properly superintended; that he was not warned of any danger; that the space, or dump, was not a safe place to work on; and that the force of men was insufficient.
Some of these complaints were not made in the pleadings, and they are not entitled to much consideration.
In carrying the steel curve to its place of destination, which was the dump between tracks, and after it had been rested on another curve which was already there, the foreman ordered one of the crew to do some other work, which plaintiff argues left an insufficient force of men to handle the steel curve. There is no evidence that the absence of one member of the gang caused the rail to slip off of the first rail, or that his absence was the possible cause of the accident. The dump referred to may not have been level, but the evidence does not show that any one stumbled or fell because of the unevenness, and the place appears to have been a safe one in which to have worked. The work was dangerous, that is, it was attended with danger; but the danger was apparent. It is quite evident that the plaintiff had sufficient intelligence to know that he must keep his hands from between two rails when they were coming together. The crew were told by the foreman to place the curved rail by the side of the one already on the ground, and he cautioned them to be careful. The foreman was in the immediate vicinity, and he was supervising the work.
The cause of action as set forth in the petition is:
“That it was gross negligence in the said company and the foreman to have undertaken to raise, or carry, such an enormous piece of peculiarly constructed railroad iron without the aid of some proper mechanical appliance or device for said purpose, such as ‘tongs’ or some such appliance; and that it was grossly improper, impracticable, and negligent to have undertaken to handle same by hand.”
It is clear that defendant owed to plaintiff, its employé, safe appliances with which to work; if such appliances could have been had. Plaintiff alleges that he and the crew should have been furnished with tongs, and evidence was introduced by him going to show that defendant, and others, had used tongs with similar work. There was offered in evidence a pair of tongs, belonging to defendant ; and certain witnesses testified that similar tongs had been used by them, while in the employ of defendant and others, in carrying special work like that which plaintiff and the balance of the crew were engaged in carrying with their hands. The tongs are those designed and used for carrying rails, and are certainly not designed for carrying the special steel curves which were being laid by defendant at the time of the accident. The tongs, with their short bits and long handles, would carry a T rail with safety, and with more ease than by hand; but the special work under consideration was constructed with the ball on one side of the rail only, so the tongs could not have gripped the rail securely; besides, this special work had a flange on the side of the rail without a ball, which extended above the top of the rail. It appears that the bits of the tongs could not have closed over both the rail and the flange in-a secure manner. The court *17 concludes that the testimony of the witnesses, to the effect that they had used these tongs on similar work to that being constructed, was due to the inability of the witnesses, because of their ignorance, to distinguish between this special work and the work about which they were testifying. This special steel work could not have been safely carried with the tongs filed in evidence.
The record contains abundant evidence to the effect that the special work under consideration had never been carried by tongs, and that it had always been carried by hand. The testimony further shows, that tongs have not been invented for carrying special work like that of defendant. In the absence of any evidence going to show that there are safe appliances for carrying special steel work like 'that of defendant, the defendant cannot be held at fault and negligent in not having secured such appliances for use by plaintiff and his crew.
It appears that the accident to the plaintiff happened by the slipping of the top rail off of the under rail, while the former was being shifted into position on the ground beside the latter; but the slipping of the rail has not been shown to have been due to the fault or neglect of defendant. Plaintiff therefore cannot recover damages against the defendant.
The district judge, who heard and saw all of the witnesses, gave earnest consideration to the case, as is evidenced by a lengthy and fully considered opinion, which is in tho record; and he concluded that plaintiff had failed to prove fault and negligence on the part of defendant.
Judgment affirmed.